IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PROMETHEUS SOLUTIONS, INC.;**

    Plaintiff,

v.                                                    No. 14-cv-0349 GBW/SMV

**GARY L. COKER; TREVOR EDWARDS; and**
**T. EDWARDS, LLC;**

    **Defendants/Counterclaimants/Third-Party Plaintiffs,**

v.

**PROMETHEUS SOLUTIONS, INC.;**

    **Counter-defendant,**

and

**DAVID M. STEVENS;**

    **Third-Party Defendant.**

## **AMENDED SCHEDULING ORDER**

THIS MATTER is before the Court on the parties' joint request to amend the Scheduling Order during a telephonic motion hearing, held on March 16, 2015. A Scheduling Order [Doc. 38] was issued in this case on December 3, 2014, following a telephonic Rule 16 scheduling conference.[1] The Scheduling Order is hereby amended as follows:

The parties shall serve supplemental discovery responses pursuant to the forthcoming confidentiality order by **April 30, 2015**. Motions to compel relating to the supplemental discovery responses are due **May 22, 2015**.

---

[1] The Scheduling Order has since been amended. [Docs. 59]; *see* [Docs. 66 and 73] (extending deadlines to join parties and amend the pleadings); *see* [Doc. 74] (extending deadlines for motions to compel).

The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).[2]  Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C)[3] no later than **September 18, 2015**.  Third-Party Defendant Stevens shall identify experts pertaining to the counterclaim against him by **August 7, 2015**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **October 23, 2015**.  Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

The termination date for discovery is **December 4, 2015**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  The Court will not limit the number of requests for admission served by each party at this time.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

---

[2] *See also Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008).

[3] Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett*, 2008 WL 1944011, at *5 ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

Motions relating to discovery shall be filed with the Court and served on opposing parties by **December 28, 2015**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **January 15, 2016**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendants on or before **January 29, 2015**; Defendants to Court on or before **February 19, 2016**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**