IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PROMETHEUS SOLUTIONS, INC.;

    Plaintiff,

v.                                                                                  No. 14-cv-0349 GBW/SMV

GARY L. COKER; TREVOR EDWARDS; and
T. EDWARDS, LLC;

    Defendants/Counterclaimants/Third-Party Plaintiffs,

v.

PROMETHEUS SOLUTIONS, INC.;

    Counter-defendant,

and

DAVID M. STEVENS;

    Third-Party Defendant.

### ORDER DENYING DEFENDANTS' OPPOSED MOTION FOR PROTECTIVE AND CONFIDENTIALITY ORDER

**THIS MATTER** is before the Court on Defendants' Opposed Motion for Protective and Confidentiality Order [Doc. 53] ("Motion"), filed January 5, 2015. Plaintiff filed a Response [Doc. 56] on January 19, 2015. Defendants filed a Reply [Doc. 62] on February 5, 2015. The Court heard oral argument on March 16, 2015. Clerk's Minutes [Doc. 79]. The parties agree that a confidentiality order is appropriate. The issue is whether there is good cause to enter a protective order to include a two-tiered designation system for regular confidential documents and attorney-eyes-only documents. The Court concludes that Defendants have failed to meet

1

their burden of showing that good cause exists for imposing the attorney-eyes-only restriction. The Motion, therefore, shall be **DENIED**.

## I.     BACKGROUND

In 2008, Third-Party Defendant Stevens and Defendant Coker (among others) formed Prometheus Solutions, Inc. ("Prometheus") for the purpose of developing new types of rapid-fire weaponry. In 2010, Stevens filed an application for a patent which is the subject of this litigation. The patent relates generally to Gatling machine guns, specifically, designs that purport to significantly improve their operational reliability. The patent was approved on July 1, 2014, i.e., after the filing of this lawsuit. The patent identifies Stevens and Coker (among others) as "inventors," and Prometheus as the assignee. *See* Patent No. US 8,763,508 B2 ("the Patent") [Doc. 56-1] at 1.

Defendant Trevor Edwards is the managing member of Defendant T. Edwards, LLC. Edwards is a "weapons broker, investor, and consultant for manufactured weapons." Affidavit of Trevor Edwards [Doc. 62-2] at 2. In 2012, Prometheus entered into negotiations with Edwards to jointly develop a 30mm cannon weapon system. To that end, Prometheus and T. Edwards, LLC, entered into a Memorandum of Understanding ("MOU") on March 21, 2013. *See* Memorandum of Understanding [Doc. 1-2] at 12–16. The MOU provides, in pertinent part, "The Parties agree that under no circumstance shall Edward acquire, own, or possess any interest in Prometheus' proprietary weapon systems, its intellectual property or is pending Patent Applications, or any Patents issuing therefrom, nor shall Edwards represent to others that it owns or possesses any interest therein." *Id*. at 13.

Stevens, Coker, and Edwards had a falling out. Coker left Prometheus, and he and Edwards are now developing their own weapon system, purportedly in direct competition with Prometheus. Prometheus has sued Coker and Edwards, as well as T. Edwards, LLC, for allegedly taking Prometheus' intellectual property, including a prototype weapon, drawings, specifications, and designs, and using them for their own benefit and profit. Prometheus seeks compensatory damages, replevin (i.e., return of the allegedly stolen property), as well as injunctive relief.

Coker and Edwards deny Prometheus' claims. They claim that the Patent and the MOU are invalid, and they deny that any development work done by Coker after the signing of the MOU belongs to Prometheus. They contend that Prometheus has undertaken discovery, not to establish the validity of Prometheus' claims, but in order to appropriate their intellectual property, i.e., development work they have performed on a competing weapon system after Coker left Prometheus.

As mentioned, the parties agree that a confidentiality order is appropriate. The only issue is whether it should contain a provision that would allow the parties to designate documents for "attorneys' eyes only." Defendants argue that such a provision is necessary to protect their rights in their intellectual property. In other words, they believe Prometheus will use discovery to obtain their trade secrets and then use those secrets to develop, or to improve upon, its own weapon system.

Plaintiff objects to the attorney-eyes-only provision for a number of reasons. It argues that its attorney has no experience in weapons design, and that such a provision would make it impossible for him to litigate the case without hiring prohibitively expensive experts to help him

understand the case. Prometheus also argues that Defendants are likely to abuse the attorney-eyes-only designation by applying it to documents that clearly should not fall within its reach. In support of this argument, Plaintiff points to one category of document which Defendants have identified as needing attorney-eyes-only protection: Documents pertaining to the Patent itself. Plaintiff argues that by attempting to keep Plaintiff from reviewing documents pertaining to a patent for which Plaintiff is the registered owner, Defendants have shown that they are not asking for the restriction in good faith. Finally, Plaintiff argues that Defendants have not made a sufficient showing of good cause for such a restrictive provision.

## II.    ANALYSIS

Federal Rule of Civil Procedure 26(c) authorizes a court, upon a showing of good cause, to issue a protective order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense," including an order forbidding the discovery or requiring that a trade secret or other confidential information not be revealed or be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(A), (G). A party seeking relief under Rule 26(c) must demonstrate the alleged harm "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)) (internal quotation marks omitted). Where a business is the party seeking protection, it is obliged to show that "disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Deford v. Schmid Prod. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).

In their Motion, Defendants seek the most restrictive possible protective order, one allowing them to confine dissemination of discovery materials to Plaintiff's attorneys only.[1] Confidentiality orders containing attorney-eyes-only provisions are not uncommon in cases involving trade secrets. *See, e.g.*, *S2 Automation, LLC, v. Micron Tech., Inc.*, 283 F.R.D. 671, 685 (D.N.M. 2012). But at the same time, courts have recognized the harm that the indiscriminate use of attorney-eyes-only protective orders can cause, especially in the absence of a strong showing of probable competitive harm. *See, e.g.*, *Key Components, Inc. v. Edge Elec., Inc.*, No. 3:07-CV-224, 2008 WL 4937560, at * 3–5 (E.D. Tenn. Nov.17, 2008). One court has warned against the overuse of attorney-eyes-only protective orders:

> On the other hand, this is not a case where the clients have no real, meaningful input to make into tactical decisions, or where their input would not be helpful in determining the bona fides of the information submitted by defendants. Moreover, the very real specter of over-designation of "attorneys' eyes only" information exists, and plaintiffs should not be put in a position where they are essentially kept in the dark about the important facts of the case.

*DeFazio v. Hollister, Inc.*, No. Civ S-04-1358 DFL GGH, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007).

Determination of the good-cause issue, therefore, calls upon the Court to balance the difficulties imposed upon the Plaintiff against the need to protect Defendants' sensitive information from abuse by alleged competitors. Having considered the briefs (including the

---

[1] Defendants' proposed Confidentiality and Protective order, [Doc. 53-1] is even more restrictive than the typical attorney-eyes-only confidentiality order. Attorney-eyes-only provisions typically allow attorneys to share discovery materials with retained experts. The order suggested by Defendants would preclude Plaintiff's counsel from disclosing attorney-eyes-only material to a retained expert unless the expert were disclosed to, and approved by, Defendants. *See* [Doc. 53-1] at 6, ¶ 6(v).

affidavits attached to Defendants' Reply),[2] oral argument of counsel, and the relevant case law, the Court has a number of reservations about entering a confidentiality order containing an attorney-eyes-only provision. First, while the Court recognizes that such provisions are not unusual in litigation involving trade secrets,[3] it is a drastic remedy, given its impact on the party entitled to the information. It limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions. *E.g.*, *Dorchen/Martin Assoc., Inc. v. Brook of Cheboygan*, No. 11–10561, 2012 WL 1936415, at *1 (E.D. Mich. May 29, 2012). Also, in many cases it limits the ability of a party to provide needed assistance to counsel. *E.g.*, *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500–02 (D. Kan. 2007); *Medtronic Sofamor Danek, Inc. v. Michelson*, No. 01-2373-GV, 2002 WL 33003691, at *2–4 (W.D. Tenn. Jan. 30, 2002); *Frees, Inc. v. McMillian*, No. 05-1979, 2007 WL 184889, at *5 (W.D. La. Jan. 22, 2007). Prometheus is not a Fortune 500 company. Defense counsel has represented it to be a "one man show." To prevent Third-Party Defendant Stevens and Prometheus' representative from reviewing the documents that lie at the heart of the case would severely restrict Plaintiff's and Third-Party Defendant Stevens' right to participate in their own defense.

Second, the Court cannot conceive how the parties could take depositions under such a restriction. Prometheus is claiming that Defendants misappropriated its intellectual property and

---

[2] The Court discourages attaching substantive affidavits to reply briefs except where necessary to rebut an argument that (a) was raised for the first time in the response brief, and (b) could not have been anticipated when the brief-in-chief was filed. Attaching an affidavit to a reply brief can be unfair to the opposing party because it cannot respond to the affidavit, absent permission to file a surreply. Nevertheless, the Court did review and take into account the affidavits attached to Defendants' Reply brief in reaching its decision.

[3] *See, e.g.*, *S2 Automation*, 283 F.R.D. at 684 (quoting 6 J. Moore, *Moore's Federal Practice* § 26.105[8][a], at 26-548.1) ("Protective orders under Rule 26(c)(1)(G), which governs protective orders for [trade secrets] have become '[o]ne of the most frequently invoked protective order provisions.'").

are using it in the development of their own weapon system.  Defendants dispute Prometheus' claim to the intellectual property, as well as the validity of the Patent, and claim that they have developed new technology that is in direct competition with Prometheus.  Both sides have identified the witnesses they believe will testify at trial in the Joint Status Report and Provisional Discovery Plan [Doc. 32].  Prometheus has identified these witnesses, who will testify on the following issues:

> 1. David M. Stevens
> 400 N. Pennsylvania
> Roswell, NM 88201
>
> It is anticipated that Mr. Stevens would testify concerning the formation of Prometheus, the development of the intellectual property that is the subject of U.S. Patent No. 8,763,508 B2, the contributions of principals of Prometheus to the development of that intellectual property, negotiations with Trevor Edwards and T. Edwards, LLC, regarding the Memorandum of Understanding and Non-Disclosure Agreement, discussions with Trevor Edwards, T. Edwards, LLC, and Defendant Coker regarding performance under the Memorandum of Understanding, concerning regulatory matters relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, concerning efforts made by Prometheus to develop its intellectual property and capitalize on it, concerning his involvement in Prometheus concerning the maintenance of the Prometheus books and records, concerning the property of Prometheus believed to be in possession of Defendants concerning the property of Prometheus believed to be in the possession of Defendants and other items as may be indicated through the course of discovery in this matter.
>
> 2. Tim Roberts[]
> 435 Millicent Circle
> Melbourne, FL 32901-6717
>
> It is anticipated that Mr. Roberts would testify concerning the formation of Prometheus, the development of the intellectual property that is the subject of U.S. Patent No. 8,763,508 B2, the contributions of principals of Prometheus to the development of that intellectual property, negotiations with Trevor Edwards and T.

> Edwards, LLC, regarding the Memorandum of Understanding and Non-Disclosure Agreement, discussions with Trevor Edwards, T. Edwards, LLC, and Defendant Coker regarding performance under the Memorandum of Understanding, concerning regulatory matters relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, concerning efforts made by Prometheus to develop its intellectual property and capitalize on it, concerning his involvement in Prometheus concerning the maintenance of the Prometheus books and records, and other items as may be indicated through the course of discovery in this matter.
>
> 3. Gary Coker, c/o Paul T. Yarbrough
>
> It is anticipated that Mr. Coker would testify regarding the development of the intellectual property at issue, his relationship with Trevor Edwards and T. Edwards, LLC, his relationship with Prometheus and its principals, his status with Prometheus, including its intellectual property, discussions and negotiations with Prometheus and Trevor Edwards and T. Edwards, LLC, concerning the Memorandum of Understanding and Non-Disclosure Agreement, his efforts to develop the 30mm Rotary Canon Weapon system, meetings with third-parties relating to the intellectual property of Prometheus and the 30mm Rotary Canon Weapon system.
>
> 4. Trevor Edwards, c/o Paul T. Yarbrough
>
> It is anticipated that Mr. Edwards would testify regarding the development of the intellectual property at issue, his relationship with Trevor Edwards and T. Edwards, LLC, his relationship with Prometheus and its principals, his disassociation and renunciation of his interest in Prometheus, including its intellectual property, discussions and negotiations with Prometheus and Trevor Edwards and T. Edwards, LLC, concerning the Memorandum of Understanding and Non-Disclosure Agreement, his efforts to develop the 30mm Rotary Canon Weapon system, meetings with third-parties relating to the intellectual property of Prometheus and the 30mm Rotary Canon Weapon system.

[Doc. 32] at 6–7. It is inconceivable to the Court how Defendants could possibly depose these witnesses on these issues without showing them the documents Defendants wish to designate as "attorneys' eyes only." *See* [Doc. 53] at 8–9 (regarding categories of documents subject to

attorney-eyes-only designation). And if Defendants' counsel will be allowed to question Plaintiffs' witnesses about the documents, should they not have the opportunity to review those documents before their depositions?

Likewise, Defendants have identified the following witnesses, who will testify on the following subjects:

> 1) Third-Party Defendant Robert Stevens, c/o Richard Olson
>
> Mr. Stevens is believed to have knowledge of the facts relating to the allegations made by Prometheus in this case, including, but not limited to, Prometheus corporate practices, the Patent allegedly at issue, his dealings with Coker/Edwards Parties, and his and Prometheus' claims concerning alleged intellectual property.
>
> 2) Gary L. Coker, Defendant/Third-Party Plaintiff, c/o Paul Yarbrough
> 832 County Road 3294
> Decatur, TX 76234
> 337-319-7876
>
> Mr. Coker has knowledge of the facts relating to the allegations and defenses made by the parties to this case, including, but not limited to, Prometheus corporate practices, Prometheus' alleged intellectual property, the Patent at issue, and his design and development of the .22, the .308, and the 30mm(s) weapons at issue.
>
> 3) Trevor Edwards, Defendant/Third-Party Plaintiff, c/o Paul Yarbrough
> 5 Canyon Crest Court
> Wichita Falls, TX 76309-2712
> 940-782-1746
> Mr. Edwards may be contacted care of his counsel of record.
>
> Mr. Edwards is believed to have knowledge of the facts relating to the allegations and defenses made by the parties to this case, including, but not limited to, matters concerning T. Edwards LLC, and the development of a 30mm weapon, and other weapons at issue.

> 4) Tim Roberts, Prometheus shareholder
> Address is believed to be:
> 435 Millicent Circle
> Melbourne, FL 32901-6717
> Phone number is believed to be: 281-650-6229
>
> Mr. Roberts is believed to have knowledge of the facts relating to the allegations made by the parties in this case, including, but not limited to, his dealings with Coker/Edwards Parties, the Patent allegedly at issue, and his involvement in Prometheus.
>
> 5) Charles McPherson, former Prometheus shareholder
> Address is believed to be:
> 431 Highway 609
> Delhi, LA 71232-6561
> Phone number is believed to be: 318-878-7551
>
> Mr. McPherson is believed to have knowledge of the facts relating to the allegations made by the parties in this case, including, but not limited to, his dealings with Defendants, and the Patent allegedly at issue.
>
> . . . .
>
> 7) Persons with knowledge of the Patent Application process allegedly at issue and undertaken by Prometheus
>
> Although unidentified at this time, persons with knowledge of the Patent Application process allegedly at issue undertaken by Prometheus may testify with regards to information known about the Patent allegedly at issue, including, but not limited to, which inventors were identified, what inventive matter was contributed by each alleged inventor, and decisions made during the prosecution process.

[Doc. 32] at 8–9. Again, it is inconceivable to the Court how those witnesses could be deposed on the issues about which they have knowledge without referring to the documents Defendants wish to protect from disclosure. If Mr. Coker is going to testify regarding "the facts relating to the allegations and defenses made by the parties to this case, including, but not limited to, Prometheus corporate practices, Prometheus' alleged intellectual property, the Patent at issue,

10

and his design and development of the .22, the .308, and the 30mm(s) weapons at issue," and Prometheus is claiming that he used Prometheus' intellectual property to develop the weapons at issue, how could Plaintiff's counsel possibly depose him without referring to the documents reflecting the design of those weapons? And what is Mr. Stevens supposed to do while Mr. Coker is testifying? Leave the deposition, to return only when the attorney-eyes-only documents are put away?

Third, the Court is concerned that allowing an attorney-eyes-only designation would create more discovery disputes than it would avoid. A good protective order "allows discovery to continue with little judicial involvement." *See* 6 J. Moore, *supra* § 26.101[1][a], at 26-499. The fact that Defendants propose to designate as "attorneys' eyes only" all documents relating to the weapon "which is the subject of U.S. Patent No. 8,763,508," i.e., the patent that is the subject matter of the litigation—and for which Plaintiff is the registered owner—suggests to the Court that Defendants would not use the designation sparingly, but would use it as broadly as possible in order to frustrate Plaintiff's ability to prove its case. This concern was highlighted at oral argument when the Court asked Defendants' counsel for a ball-park estimate of how many documents would fall under the restriction. At first, counsel could not say. When pressed, counsel replied, "I could say less than 50% for sure." Recording of Oral Argument Hearing, March 16, 2015, Liberty – Doña Ana, at 2:02–04. This is a far cry from the situation in the *S2 Automation* case, where Judge Browning remarked, "The Court takes into account that Micron Technology has represented that it plans to designate only a small portion of documents as 'attorneys' eyes only.' The Court will hold Micron to that representation." *S2 Automation*, 283 F.R.D. at 686; *see also Ubiquiti Networks, Inc., v. Kozumi USA Corp.*, No. 12-cv-2585 CW

(JSC), 2013 WL 772664, at *3 (N.D. Cal. Feb. 23, 2013) (court intervention required because of a defendant's overuse and abuse of attorney-eyes-only designation).

Likewise, the Court is concerned that Defendants would propose a confidentiality order that would, on the one hand, compel Plaintiff to retain an expert to assist counsel with discovery and trial preparation, and, on the other hand, require Plaintiff to identify the expert and obtain Defendants' written consent before the expert could be shown any attorney-eyes-only material. *See* [Doc. 53-1] at 6 ("Information designated "ATTORNEYS' EYES ONLY" shall not be given, shown, made available to, or communicated in any way to any person other than: . . . (v) any person(s) whom counsel of record for the disclosing party agrees in writing in advance of disclosure . . . provided that each such person's assistance is necessary for the preparation of trial of this matter[.]"). Such a procedure would be unreasonable, unfair, and unworkable.

Additionally, the Court questioned defense counsel at oral argument about how he anticipated the protected documents would be handled at trial. The Court noted that the documents likely to be designated as "attorneys' eyes only" lie at the heart of Plaintiff's claims and Defendants' defenses. When the Court asked if the documents in question would likely not come out at trial, defense counsel answered in the affirmative. *See also* Defendants' Proposed Stipulated Confidentiality and Protective Order, [Doc. 53-1] at 6 (indicating that information designated "attorneys' eyes only" may be disclosed to "members of the jury, if required"). If the documents are going to be introduced as evidence at trial, what then is the point of restricting access to them during discovery? That is to say, what is the point of restricting access beyond the "confidential" designation agreed to by Plaintiff? It might be a different question if the documents Defendants sought to protect were but tangential to the issue in dispute. But as far as

the Court can tell, the documents in question lie at the very heart of Plaintiff's case, not to mention Defendants' counterclaims. Put another way, the Court cannot conceive how either side could put on its case without introducing the documents at trial.

Finally, the Court cannot ignore the fact that the vast majority of cases do not reach trial, but are resolved through mediation or other settlement methods. How is an attorney to advise his client to compromise a claim (or even drop it) on the basis of information kept secret from the client? The Court has tried, without success, to imagine a settlement conference in which the decision-maker on one side has been kept from seeing the documents that prove or disprove his claim.

For all the reasons discussed, the Court finds that Defendants have failed to make the requisite showing of good cause necessary to justify entry of a protective order allowing the parties to designate documents as "attorneys' eyes only." The Court, therefore, will deny the Motion. Nevertheless, the parties and the Court agree that a confidentiality order is appropriate. The parties are then left with two options. The first is to agree on a form of confidentiality order and submit it to the Court for approval. The second, assuming the parties cannot agree on an order, is to use the one provided in section 40.27 the *Manual for Complex Litigation (Fourth)*.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Opposed Motion for Protective and Confidentiality Order [Doc. 53] is hereby **DENIED**. The parties shall bear their own costs and attorneys' fees incurred in connection with the Motion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**