IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PROMETHEUS SOLUTIONS, INC.,
a Nevada Corporation

    Plaintiff/Counter-Defendant,

v.                                                                    Civil No. 2:14-CV-00349—GBW-SMV

TREVOR EDWARDS,

    Defendant,

and

GARY L. COKER and
T. EDWARDS, LLC, a Nevada limited liability company,

    Defendants/Counterclaimants.
_____

GARY L. COKER and
T. EDWARDS, LLC, a Nevada limited liability company,

    Third Party Plaintiffs,

v.

DAVID M. STEVENS,

    Third Party Defendant

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

    Plaintiff/Counter-Defendant, Prometheus Solutions, Inc. ("Prometheus"), and Third-Party Defendant, David M. Stevens ("Stevens"), and Defendant Trevor Edwards ("Edwards") and Defendants/Counterclaimants/Third-Party Plaintiffs, Gary L. Coker ("Coker"), and T. Edwards, LLC (collectively, "Coker/Edwards Parties"), by counsel and for good cause shown, hereby agree to the entry of the following Stipulated Protective Order to preserve and maintain the

confidentiality of a defined class of certain confidential information that may be disclosed or obtained by the parties through discovery, testimony, production of documents, or settlement negotiations that may occur in this matter.

WHEREAS the parties have identified in initial disclosures or requested production of certain documents, things and information considered by the producing party to constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Fed.R.Civ.P. 26(c)(l)(G); and

WHEREAS the parties reasonably desire to protect and maintain the confidentiality of such information; and

WHEREAS the parties agree the purpose of this protective order is to limit the disclosure and use of trade secrets or other confidential research, development, or commercial information within the meaning of Fed.R.Civ.P. 26(c)(l)(G) that are contained in documents, written discovery responses, at a party's place of business, and deposition testimony the parties have sought or will be seeking in this action during the course of discovery or negotiations.

THEREFORE, to expedite the exchange of information, to facilitate the prompt resolution of disputes over confidentiality, and to protect material entitled to be kept confidential, it is HEREBY ORDERED the following provisions shall govern claims of confidentiality in these proceedings:

1.   Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

2. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

3. Only documents containing trade secrets, special formulas, research, commercial information, company security matters, customer lists and prospective customer data, weapons industry contacts, contracts or prospective relations with vendors, or suppliers, advertising methods or strategies, expenditures, license agreements, videos, photographs, drawings, or other documents related to copyrights, patents, and other intellectual property rights, and royalties, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price may be designated confidential, provided such documents have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it. Such documents and pleadings, or parts thereof will be designated after review by an attorney for the producing party by stamping the word confidential on each page, or by identifying the portion of the pleading which is confidential by the word **"CONFIDENTIAL"**, as is appropriate. Discovery material containing trade secrets, or other confidential or proprietary research, development, manufacturing, or commercial or business information, may be designated as confidential. Without prejudice to a party's right to seek production of the following information or of a party to object to its production, the information subject to a confidentiality designation may include the following: customer names; proprietary licensing, distribution, marketing, design, development, research, and manufacturing information-not publicly filed with any federal or state regulatory authority-regarding products, whether currently marketed or under development; information concerning competitors;

production information; personnel records and information; and financial information not publicly filed with any federal or state regulatory authority.

   4. If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

   5. Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation. All persons subject to this Order expressly agree to maintain the confidentiality associated with those documents designated as confidential, agree to comply with all applicable laws in connection with the disclosure of documents designated as confidential. The parties agree that any discovery material produced in this litigation may be used only in this litigation, and shall not use such information, or contact anyone disclosed, for any business, commercial, or other purpose.

   6. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel.  In the event that such a dispute cannot be resolved by the parties, either party may apply to the court for a determination as to whether the designation is appropriate. If application is not made within fifteen (15) business days from the date either party declares the dispute irresolvable, the documents in question may be considered not to be confidential. Unless and until the disagreement regarding a

confidential designation is resolved by agreement of all parties (including the disclosing party) or court order, the information or document shall continue to be accorded confidential status. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

7.  At the time of deposition or within ten (10) business days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Paragraph 1 above. Any designation made after the deposition shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this ten (10) business day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. In filing materials with the court in pretrial proceedings, counsel shall file under seal pursuant to Local Rule 5.3, with appropriate accompanying motion and proposed order. Upon said filing, the Clerk of the Court shall maintain the confidentiality of the documents by restricting access to counsel of record pursuant to Local Rule 5.3, unless otherwise ordered by the Court after the parties are given advance notice and an opportunity to be heard before any such designated confidential information is unsealed. Only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information may be filed under seal.

8.  Nothing in this Protective Order shall preclude any disclosure required by law or other court order; provided, however, that any party receiving an order or other request for

disclosure promptly provides such order or request to the disclosing party to permit the disclosing party to attempt to preserve its rights prior to disclosure, if practicable.

9. The inadvertent production of confidential information during discovery in this matter shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the recipient party is notified within ten (10) business days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the recipient party shall (even if the recipient party disagrees that the document is privileged) return all copies of the document and not use the information in the document for any purpose until further order of the Court.

10. Within thirty (30) days from final termination of this action (including all appeals) or written request made by either party upon conclusion of this matter, persons having received any information designated confidential pursuant to this Order shall return all originals and copies (whether partial or complete) constituting or containing confidential information to counsel for the disclosing party, or certify in writing to counsel for the disclosing party that all confidential documents have been destroyed. The termination of proceedings in this cause shall not relieve any person from any of the obligations of confidentiality imposed by this Order.

IT IS SO STIPULATED.

_____
THE HONORABLE STEPHAN M. VIDMAR
U. S. Magistrate Judge


APPROVED:

*/s/ Rodney L. Schlagel*
Rodney L. Schlagel
Bobbie J. Collins
BUTT THORNTON & BAEHR PC
*Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs*
P.O. Box 3170
Albuquerque, NM 87190-3170
(505) 884-0777
Fax: (505) 889-8870
rlschlagel@btblwa.com
bjcollins@btblaw.com


*Electronically approved on 4/30/15*
Richard E. Olson
Maryl McNally
HINKLE HENSLEY SHANOR & MARTIN LLP
*Attorneys for Plaintiff/Counter-Defendant and Third-Party Defendant*
 P.O. Box 10
Roswell, NM 88202-0010
(575) 622-6510
Fax:  (575) 623-9332
rolson@hinklelawfirm.com