IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PROMETHEUS SOLUTIONS, INC.;

    Plaintiff,

v.                                                                                          No. 14-cv-0349 GBW/SMV

GARY L. COKER; TREVOR EDWARDS; and
T. EDWARDS, LLC;

    Defendants/Counterclaimants/Third-Party Plaintiffs,

v.

PROMETHEUS SOLUTIONS, INC.;

    Counter-defendant,

and

DAVID M. STEVENS;

    Third-Party Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY DEFENDANT COKER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of Documents by Defendant Coker [Doc. 83] ("Motion"), filed March 26, 2015. The Motion requests that the Court compel Defendant Coker to produce certain emails ("at-issue documents")[1] to Plaintiff. Defendants filed a Response [Doc. 87] on April 13, 2015. Plaintiff filed a Reply [Doc. 94] on April 27, 2015. The Court heard oral argument on May 6, 2015.

---

[1] The at-issue documents correspond to the documents Bates-stamped as Nos. 867–69; 870–75; 878–79; 889; 892; 916; 934–35; 945; 950; 951–52; and 953–956. [Doc. 83] at 2.

Clerk's Minutes [Doc. 100]. Following oral argument and pursuant to the Court's order [Doc. 101], Defendant Coker submitted the at-issue documents to the Court for in camera review. The issue is whether the work-product doctrine protects from disclosure any of the at-issue documents. Having considered the briefing, oral argument, and relevant law, having reviewed the at-issue documents, and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and will be GRANTED.

"[T]he work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs*, 241 F. Supp. 2d 1342, 1358 (D.N.M. 2002) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)). The attorney work-product doctrine "is intended only to guard against divulging the attorney's strategies and legal impressions." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Documents or other items that do not reflect the attorney's mental impressions are not protected by the work product doctrine. *See Nobles*, 422 U.S. at 238 ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); *In re Grand Jury Proceedings*, 658 F.2d 782, 784–85 (10th Cir. 1981) ("Such mental impressions are a prerequisite to the invocation of the work product doctrine.").

The focus in determining whether a document falls within the work-product protection is whether "the motivating purpose" behind its creation was to aid in litigation or possible future litigation. *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 676 (D. Kan. 2005). "The party asserting the work-product protection has the burden of demonstrating

2

that it applies and that it has not been waived." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007) (citing *Kovacs v. Hershey Co.*, No. 04–cv–01881, 2006 WL 2781591, at *10 (D. Colo. Sept. 26, 2006)).

For the work-product doctrine to apply, the asserting party must show that the documents or materials were prepared in anticipation of litigation by or for a party or that party's representative. *See* Fed. R. Civ. P. 26(b)(3). "Litigation need not necessarily be imminent as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Anaya*, 251 F.R.D. at 651; *see Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 524 (N.D. Cal. 1988) ("There is no requirement that the litigation have already commenced in order for the work-product doctrine to be operative, however, there must be more than a remote possibility of litigation.").

After reviewing the at-issue documents, the Court concludes that the work-product doctrine does not apply to them. Defendant Coker has failed to meet his burden of demonstrating that the documents were prepared in anticipation of litigation. The Court therefore orders that Defendant Coker disclose the at-issue documents to Plaintiff.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Compel Production of Documents by Defendant Coker [Doc. 83] is hereby **GRANTED**. Defendant Coker shall disclose to Plaintiff the at-issue documents[2] no later than **5:00 p.m. on May 27, 2015**.

---

[2] Bates Nos. 867–69; 870–75; 878–79; 889; 892; 916; 934–35; 945; 950; 951–52; and 953–956.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**