## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PROMETHEUS SOLUTIONS, INC.,
a Nevada Corporation

       Plaintiff/Counter-Defendant,

v.                                                      Civil No. 2:14-CV-00349 GBW-CEG

TREVOR EDWARDS,

       Defendant,

and

GARY L. COKER and
T. EDWARDS, LLC, a Nevada limited liability company,

       Defendants/Counterclaimants.
_____
GARY L. COKER and
T. EDWARDS, LLC, a Nevada limited liability company,

       Third Party Plaintiffs,

v.

DAVID M. STEVENS

       Third Party Defendant.

## ORDER GRANTING PLAINTIFF'S OPPOSED SECOND MOTION TO AMEND AND RESTATE COMPLAINT

**THIS MATTER** is before the Court on *Plaintiff's Opposed Second Motion to Amend and Restate Complaint* ("Motion") filed July 9, 2015, (Doc. 128); *Defendants' Response to Plaintiff's Opposed Second Motion to Amend and Restate Complaint* ("Response") filed July 24, 2015, (Doc. 134); and Plaintiff's *Reply to Defendants'*

*Response to Plaintiff's Opposed Motion to Amend and Restate Complaint* ("Reply") filed August 14, 2015. (Doc. 137).

Plaintiff seeks to amend its complaint for a fourth time in order to assert additional and new allegations against Defendants/Counterclaimants/Third-Party Plaintiffs Gary L. Coker and T. Edwards, LLC, and Defendant Trevor Edwards (together the "Coker-Edwards Parties").[1] The Coker/Edwards Parties partially oppose the Motion on the basis that Plaintiff's request to amend is untimely and unfairly prejudicial. (Doc. 134 at 3).

## I.     Standard of Review

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend its pleading only with the opposing party's written consent or leave of the Court. A plaintiff should be "afforded an opportunity to test his claims on the merits" where the "underlying facts or circumstances relied upon . . . may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, leave to amend a complaint should be "freely given" unless there exists an apparent or declared reason why it should not be permitted. *Id.* Such reasons include, but are not limited to, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Id.*

## II.     Analysis

---

[1] Plaintiff filed its original complaint on February 24, 2014 ("Original Complaint"). (Doc. 1). Plaintiff subsequently filed supplemental claims against certain defendants on May 27, 2014 (the "Additional Claims"). (Doc. 17). On December 29, 2014, Plaintiff then filed an *Amended and Restated Complaint for Replevin, Injunctive Relief, Declaratory Judgment, and Accounting, Disclosure and Disgorgement* ("First Amended Complaint"). (Doc. 15).

Plaintiff attempts to bring twelve causes of action in the Second Amended Complaint, of which the Coker-Edwards Parties object to half. The Coker-Edwards Parties specifically object to the Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief. (Doc. 134 at 4–6). The Court will go through these causes of action and analyze Plaintiff's request and Defendant's opposition in light of the standard announced in *Foman*.

A.      *Fifth and Tenth Claims for Relief*

The Coker-Edwards Parties point out that Plaintiff's fifth claim alleging breach of fiduciary duty against Defendant Coker is nearly identical to ¶¶ 37–76 of the Original Complaint, and object to the inclusion of new language that Defendant Coker wrongfully appropriated Plaintiff's proprietary intellectual property for his own benefit. (Doc. 134 at 5) (quoting ¶ 74). The Coker-Edwards Parties also allege that the tenth claim for relief, a conversion claim against Defendant Coker, is substantially similar to that raised in the Original Complaint, except that Plaintiff now alleges that Defendant Coker's possession of and refusal to return to Plaintiff its "proprietary weapons systems, ammunition, ammunition systems, and related property" also supports this claim. (Doc. 134 at 6).

The Coker-Edwards Parties argue that Plaintiff is trying to revive two claims that were previously asserted, then abandoned upon the filing of the First Amended Complaint. The Coker-Edwards Parties believe that Plaintiff was aware that Defendant Coker was in possession of these items at the time the lawsuit was filed by virtue of its claim for replevin which specifically included these items. (Doc. 134 at 6). They reason that Plaintiff must have known the basis for both claims when the lawsuit was initially filed, and asks this Court to refuse Plaintiff's request to amend because Plaintiff could

3

have included the claim in the First Amended Complaint but failed to do so. *See Gregg v. SBC/Ameritech*, No. 05-3995, 321 Fed. Appx. 442 (10th Cir. Apr. 15, 2009) (unpublished).

Plaintiff responds that Defendant Coker's wrongful appropriation of its proprietary intellectual property for his own benefit has given rise to this litigation, which caused damages to Plaintiff in the loss of its contract with Somervell County, Texas. Plaintiff contends that it received a contract to construct a facility and make certain improvements in exchange for real property, but as a result of this litigation, was unable to satisfy its obligations under the contract and had to agree to forfeit the real property pursuant to the terms of the contract in April or May of 2015. (Doc. 137 at 3). Plaintiff explains that when it withdrew its claim for breach of fiduciary duty against Defendant Coker in the First Amended Complaint, that it did so because it determined it could not, at that time, reasonably calculate damages as a result of the breach of Defendant Coker's fiduciary duty. (Doc. 137 at 4). Plaintiff explains that since the forfeiture and resulting losses post-date the filing of the First Amended Complaint that it is entitled to amend its pleadings to assert these newly-arisen damages. Plaintiff likewise responds that it withdrew its claim for conversion against Defendant Coker because it was unable to ascertain with any certainty its damages resulting from Defendant Coker's conversion. However, it now claims that such damages are ascertainable due to the loss of its Somervell County contract. (Doc. 137 at 5).

"Lateness does not of itself justify the denial of [a motion to amend]." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quotation omitted). The Court must focus on the reasons for the delay in determining whether undue delay

exists. *Id.* at 1206. Here, Plaintiff has adequately explained its reasons for re-asserting these two claims in this way. The Court does not find that Plaintiff is attempting to make the complaint a moving target or otherwise act in bad faith. *See Rodarte v. Gov't Emps. Ins. Co.*, No. 1:14-cv-1118 JCH-SCY, (D.N.M. April 7, 2015) (unpublished). Since Plaintiff has presented an adequate explanation for its delay, the Court will permit Plaintiff to amend the Fifth and Tenth Claims for Relief.

> B.     *Seventh and Ninth Claims for Relief*

As to the seventh claim for relief, Plaintiff asserts a breach of contract claim against Defendant T. Edwards, LLC for breaching a "Non-Disclosure Agreement," which the Coker-Edwards Parties contend Plaintiff had knowledge of earlier in the lawsuit. (Doc. 134 at 5). They allege that the claim is similar to the first claim for relief asserted in Plaintiff's Additional Claims because both claims allege contractual misconduct arising from the "Memorandum of Understanding." (Doc. 134 at 5). They likewise maintain that the Additional Claims did not include a reference to the "Non-Disclosure Agreement" entered into with Defendant T. Edwards, LLC, despite Plaintiff's knowledge of this agreement at the time the lawsuit was initially filed. (*Id.*).

In Plaintiff's Ninth Claim for Relief, Plaintiff asserts Defendants Coker and T. Edwards, LLC breached their duty of good faith and fair dealing. The Coker-Edwards Parties allege that the ninth claim is substantially similar to claims asserted in the Original Complaint that were limited to Defendant Coker and did not specifically reference the "Non-Disclosure Agreement" or "Memorandum of Understanding." (Doc. 134 at 6–7). They argue that Plaintiff should not be able to include the names of these two agreements as underlying the Ninth Claim because these agreements were known

to Plaintiff at the time the lawsuit was filed, since Plaintiff's shareholders were parties to these agreements. (*Id*.).

Plaintiff responds that both of these claims arise out of the Coker-Edwards Parties' challenge to Patent No. 8,763,508 B2 as being invalid for containing "prior art," as alleged in their *Amended Counterclaims and Amended Third-Party Complaint* filed March 31, 2015. (Doc. 85). Plaintiff explains that Patent No. 8,763,508 B2 is a patent for a system called the High Attrition, Rapid Dispersal X 8 ("H.A.R.D. 8") Extreme Rate Fire Weapons System, which it maintains Defendant Coker sold and assigned to it. (Doc. 128 at 2–3). Plaintiff maintains that through the assignment of Defendant Coker's rights to the Patent to Plaintiff, he agreed not to attack the validity of the Patent. (*Id*.). Plaintiff now asserts that Defendant Coker has breached his contractual obligations by filing a counter-claim concerning the validity of the Patent. (*Id*.).

Further, Plaintiff argues that the "Memorandum of Understanding" and "Non-Disclosure Agreement" executed on behalf of T. Edwards, LLC contain contractual language whereby it would protect the proprietary weapon systems of Plaintiff and not circumvent its exclusive and sole ownership. (Doc. 128 at 4). Plaintiff contends that by asserting a counter-claim attacking the validity of the Patent, Defendant T. Edwards LLC has breached its agreements with Plaintiff. (*Id*.).

The Coker-Edwards Parties have conceded that they do not oppose any additional claims made by Plaintiff as they arise out of their challenge to the validity of the Patent. (Doc. 128 at 5, Ex. 6). Thus, the Court finds that to the extent these new claims arise from the Coker-Edwards Parties' challenge to the validity of the Patent, they should be permitted to proceed. To the extent the Coker-Edwards Parties object to

6

these claims because they are based on facts known to Plaintiff previously, the Court finds that Plaintiff has adequately explained its reasons for any delay. Thus, the Court will permit Plaintiff to amend the Seventh and Ninth Claims for Relief.

      C.     *Eighth and Eleventh Claims for Relief*

The Coker-Edwards Parties contend that the facts underlying the Eighth Claim for Relief, which constitutes intentional interference with contractual relations against Defendant T. Edwards, LLC, are based on information that was known and asserted by Plaintiff at the time it filed all of its previous pleadings. (Doc. 134 at 5). The Coker-Edwards Parties also object to the Eleventh Claim, which constitutes a claim for fraud against Defendants Coker and T. Edwards, LLC, on the basis that the facts underlying this claim were known by Plaintiff or alleged in the Original Complaint or First Amended Complaint.

Plaintiff responds that the facts supporting these grounds stem directly from the contents of email communications that were produced to it on May 27, 2015 pursuant to a discovery request, and that, until then, it was not clear to what extent Defendant Trevor Edwards worked with Defendant Coker to purportedly interfere with its contract with Defendant T. Edwards, LLC. (Doc. 137 at 5). Thus, as a new claim arising from new facts, Plaintiff argues it should be permitted to proceed. Plaintiff further responds that the fraud claim is the result of information learned from documents produced by Plaintiff pursuant to discovery requests. (Doc. 137 at 6). It alleges that the responses it received to written discovery made apparent that Defendant Coker and Defendant T. Edwards, LLC worked in concert to deceive Plaintiff regarding the nature of the Coker-Edwards Parties' relationship and intentions regarding the intellectual property. (*Id.*).

The Coker-Edwards Parties argue that they would be unduly prejudiced by an additional amendment. They point out that they have so far engaged in substantial written discovery based on the claims asserted in the First Amended Complaint. They argue they would be prejudiced because the parties are already "up against deadlines for expert disclosures and taking depositions prior to the close of discovery." (Doc. 134 at 6).

Indeed, Plaintiff explains that its delay in asserting these claims is because between May 4, 2015 and present, Defendants produced to it over 2,000 documents for review. (Doc. 137 at 2). It maintains that it has assessed valid additional claims for conversion, fraud, and patent infringement now that document production is substantially complete. (Doc. 128 at 4).

The Court may

> properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, . . . to salvage a lost case by untimely suggestion of new theories of recovery, . . . to present theories seriatim in an effort to avoid dismissal, . . . or to knowingly delay raising an issue until the 'eve of trial.'

*Minter*, 451 F.3d at 1206 (quotation and alterations omitted). The Court does not find any of those situations to be present here. Further, the Court is not convinced that amendment should be denied for the reason that the Coker-Edwards Parties would be unduly prejudiced. The parties still have adequate time to engage in discovery regarding the newly-asserted claims because the discovery deadline in this case is December 4, 2015, and trial is set to begin May 16, 2016. Further, the parties may always extend discovery by agreement or by request to the Court upon a showing of good cause, even on the eve of trial.

For all of the foregoing reasons, the Court will permit Plaintiff to amend the Eighth and Eleventh Claims for Relief.

## III.     Conclusion

**IT IS HEREBY ORDERED** that *Plaintiff's Opposed Second Motion to Amend and Restate Complaint*, (Doc. 128), be **GRANTED**. Plaintiff must file the amended complaint as a separate docket entry by **September 16, 2015**.


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE